UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL JAY WOODS, et.al.,
    Plaintiff,

vs.                                                                                                  04-1440

RICHARD MORRIS, et al.,
    Defendants.

**CASE MANAGEMENT ORDER AND MERIT REVIEW #2**

    This cause is before the court for case management and merit review of the plaintiff's proposed amended complaint. This case was originally filed by seven current or former inmates at the Knox County Jail pursuant to 42 U.S.C. §1983 and various other federal laws against six defendants. On January 20, 2005, the court found that the plaintiffs' complaint violated Rule 8 of the Federal Rules of Civil Procedure. *See* January 20, 2005 Court Order.

    The plaintiffs filed an amended complaint, but also filed various other motions and appealed the court's decision. The court has previously considered the plaintiffs' motions and the United States Court of Appeals for the Seventh Circuit has dismissed the appeal.

    The court is now required by 28 U.S.C. §1915A to "screen" the plaintiffs' amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. Plaintiffs Michael Woods and Blake Kallenbach participated in the hearing by video conferencing.  The plaintiffs stated that in the future, Plaintiff Woods will serve as the spokesperson for the group.

    The amended complaint is filed on behalf of the same seven individuals including Michael Woods, Jerry Mabry, Michael Judy, Blake Kallenbach, Everett Garrett, Carl Holloway, and Ralph Brooks.   The plaintiffs have now named five defendants including Jail Administrator Richard Morris, Sheriff Jim Thompson, Knox County, the United States Marshal Service,  and Evercom Systems Inc.  The plaintiffs' state they are suing Defendants Morris and Thompson in their individual and official capacities, and all remaining defendants are sued in their official capacities only.

    The plaintiff's have not named Knox County Board Chair Sally Keener nor the Swanson Services Corporation in the amended complaint, so these defendants will be dismissed.  The court notes that the amended complaint does name Knox County as a defendant.   In addition, the United States Marshal Service is not a proper defendant in a §1983 action and will also be dismissed from this lawsuit.

1

The plaintiffs' state they are suing the defendants under "42 U.S.C. §1983, 1985, 1986 and provisions of the Telecommunications Act (42 U.S.C. §401, 406)" (Comp, p. 1)  The plaintiffs are reminded that their motion to certify this lawsuit as a class action was denied. *See* March 1, 2005 Court Order.  The court will only consider claims that involve the named plaintiffs.

First, the plaintiffs allege that Defendants Morris and Thompson denied the repeated requests of Plaintiffs Holloway, Brooks, Mabry, Judy and Kallenbach to see a doctor and denied needed over-the-counter medication.  Also, say that they had Morris make decisions about medical requests without any medical training.  Each plaintiff alleges they needed care for different medical conditions.  While it is unclear whether the delay in seeing a doctor caused the plaintiffs any pain or injury, the court finds that they have adequately alleged that Defendants Morris and Thompson were deliberately indifferent to their serious medical needs in violation of the Eighth Amendment.  The plaintiffs have alleged this claim against the defendants in their individual and official capacities

Second, the plaintiffs allege that Knox County is not paying for their medical bills while in jail.  The jail has no medical staff and the plaintiffs say they are billed in full for any treatment received by outside doctors, even if the jail was responsible for the injury. The plaintiffs do not allege that they are denied medical treatment based on their ability to pay.  "Prisoners may be charged for medical care as long as necessary medical care is not denied to those unable to pay for it." Spates v Schultz, 2001 WL 789412 at 2 (N.D. Ill. 2001). "Nothing in the Eighth Amendment ....requires a state to provide an inmate free of charge, with a necessary commodity that would not be free outside the prison walls and which the inmate has the legal means to obtain." Martin v. DeBruyn, 880 F. Supp. 610, 614 (N.D. Ind. 1995)

In addition, Plaintiff Garrett alleges that he was double billed for the same medical procedure.  Garrett does not allege that the deprivation took place according to an established state procedure, nor that he lacked an adequate remedy under state law. Antonelli v. Sheahan, 81 F.3d 1422, 1430. (7th Cir. 1995).  Any claims based on medical billing are therefore dismissed for failure to state a claim upon which relief can be granted.

Third, the plaintiffs allege that the conditions at the Knox County Jail violated their Eighth Amendment rights.  The plaintiffs allege that the defendants did not provide adequate heat, clothing, food or grooming.  Although it is not entirely clear the extent of the deprivations nor its impact on the plaintiffs, the court finds that the plaintiffs have adequately alleged violations of their constitutional rights against Defendant Morris, Thompson and the Knox County.

Fourth, Plaintiff Mabry alleges that on July 8, 2004, Defendants Morris and Thompson failed to protect him when they handcuffed the plaintiff to another inmate with a history of assaults and mental illness.  The other inmate assaulted and injured Plaintiff Mabry.  The plaintiffs further say that the jail has a practice of failing to provide psychiatric treatment to

2

inmates with a history of mental illness which placed the plaintiff in danger. The plaintiffs have adequately alleged a violation of their Eighth Amendment rights against Defendants Morris and Thompson in their individual and official capacities.

Fifth, the plaintiffs allege that Defendants Morris and Thompson violated Plaintiffs Woods and Kallenbach's due process rights when they were placed in punitive segregation without any notice of the charge or any formal hearing. Plaintiff Woods says this occurred in December of 2003 and January, June and September of 2004. Plaintiff Kallenbach says he was placed in punitive segregation in July of 2004. The plaintiffs make this claim against the defendants in their official and individual capacities.

Sixth, the plaintiffs allege that Defendant Morris retaliated against Plaintiffs Mabry, Kallenbach and Woods for either filing grievances or speaking to the media about jail conditions. The plaintiffs say Morris retaliated by placing them in punitive segregation.

Seventh, the plaintiffs allege that the Knox County Jail denied them meaningful access to the courts when they were denied all writing materials and access to any legal materials. The plaintiffs will be required to demonstrate how this hindered their efforts in specific cases. However, the court finds that the plaintiffs have broadly alleged that they were unable to pursue litigation and have adequately alleged a violation of their Eighth Amendment rights.

Eighth, the plaintiffs allege they were denied access to all newspapers and media publications without any rational basis. The plaintiffs have alleged a violation of their First Amendment rights.

Ninth, the plaintiff's allege that Defendant Evercom violated the Telecommunications Act based on the way collect calls are handled at the Knox County Jail. The plaintiffs say some providers are favored more than others, some plaintiffs were unable to place any calls for days after entering the jail and the fees charged are unjust and unreasonable.

Tenth, the plaintiffs allege that Defendant Evercom recorded all phone conversations including calls with their attorneys and made those recordings available to Knox County Jail Officials. The plaintiffs further state that they were unable to communicate freely with their attorneys due to these recordings. The plaintiffs adequately alleged that the defendants violated their Sixth Amendment right to counsel.

Eleventh, the plaintiffs attempt to allege two violations of the equal protection clause. The plaintiffs allege that Plaintiffs Holloway and Brooks were not allowed the same fundamental rights and privileges as other federal prisoners awaiting criminal proceedings, and they allege that the plaintiffs were forced to pay more for hair cuts than non-prisoners. Neither states a claim upon which relief can be granted.

"In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a

legitimate penal interest."[1]  May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000)(*citations omitted*). A state cannot deny any person within its jurisdiction the equal protection of the laws.  U.S. Const. Amend. XIV.   None of the defendants have jurisdiction over other federal inmates held in other jails.  In addition, non-prisoners are not similarly situated to prisoners, and therefore cannot be the basis of an equal protection claim.  The equal protection claims will be dismissed.

Lastly, the plaintiffs allege that the defendants conspired to deprive them of their constitutional rights under §1983, §1985 and §1986.

The court notes that the plaintiffs state claims against Defendants Morris and Thompson in their individual and official capacities and have therefore appropriately named Knox County as a defendant for the official capacity claims.   Liability under §1983 can be imposed on governmental entities if the underlying constitutional deprivation resulted from the execution of an official custom, policy or practice.  Monell v. Department of Social Services, 436 U.S.658, 694 (1978).

**IT IS THEREFORE ORDERED that:**

**1) Defendants Sally Keener and Swanson Services Corporation are not named in the amended complaint and are therefore dismissed from this lawsuit.  The clerk is also directed to dismiss Defendant U.S. Marshal Service as this is not a proper defendant in a §1983 lawsuit.**

**2) The amended complaint names Knox County as a defendant.  The clerk is directed to add this name to the docket.  Chairperson Sally Keener as listed as the person to serve on behalf of the board.**

**3) The plaintiffs are reminded that they must IMMEDIATELY inform the court of any change in their address or telephone number.  Failure to keep the court informed of these changes could prevent the plaintiff's from receiving filings in this case and could eventually lead to the plaintiff's dismissal from this lawsuit.**

**4) The clerk of the court is directed to note on the docket that Defendant Michael Jay Woods is lead plaintiff and will serve as spokesman for plaintiffs in future hearings.**

**5) The court finds that the plaintiffs have adequately alleged:**

**a) Defendants Morris, Thompson and Knox County were deliberately indifferent to the serious medical needs of Plaintiffs Holloway, Brooks, Mabry, Judy**

---

[1]The "strict scrutiny" test does not apply because prisoners are not a suspect class, and no fundamental right is implicated.  *See* Zehner v. Trigg, 133 F.3d 459, 463 (7th Cir. 1997).

and Kallenbach.

b) Defendants Morris, Thompson and Knox County did not provide adequate heat, clothing, food or grooming for the plaintiffs in violation of the Eighth Amendment.

c) Defendants Morris, Thompson and Knox County failed to protect Plaintiff Mabry on July 8, 2004, when the plaintiff was handcuffed to another inmate with a history of assaults and mental illness. The plaintiff was assaulted and injured.

d) Defendants Morris, Thompson and Knox County violated Plaintiffs Woods and Kallenbach's due process rights when they were placed in punitive segregation without any notice of the charge or formal hearing.

e) Defendant Morris and Knox County retaliated against Plaintiffs Mabry, Kallenbach and Woods for either filing grievances or speaking to the media about jail conditions.

f) Defendants Morris, Thompson and Knox County denied the plaintiffs meaningful access to the courts when they were denied all writing material and access to legal materials.

g) Defendants Morris, Thompson and Knox County violated the First Amendment when they denied the plaintiffs access to all newspapers and media publications without any rational basis.

h) Defendant Evercom violated the Telecommunications Act based on the way calls were handled at the Knox County Jail

i) All defendants violated the plaintiffs right to counsel by recording conversations between the plaintiffs and their counsel and making the tapes available to jail officials. The plaintiffs allege the practice interfered with their ability to communicate with counsel.

j) Defendants Morris, Thompson and Knox County conspired to deprive the plaintiffs of their constitutional rights under §1983, §1985 and §1986.

6) All other claims based on federal law, other than those set forth in paragraph (5) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

7) This case shall proceed solely on those federal claims identified in paragraph (5) above. Any claims not set forth in paragraph (5) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

**8) A copy of this order shall be served with the Complaint and Scheduling Order.**

**9) The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this order.**

**10) The plaintiff's motion to proceed in forma pauperis is granted.  A scheduling order will be entered. [d/e 1]**

Entered this 18th day of November, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE